IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXIAN BROTHERS HOSPITAL NETWORK, ALEXIAN BROTHERS MEDICAL CENTER, and ST. ALEXIUS MEDICAL CENTER,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL IMAGING ASSOCIATES, INC.,<br><br>Defendant. | FILED: JULY 28, 2008<br>08CV4268<br>JUDGE ST. EVE<br>MAGISTRATE JUDGE COLE<br><br>No.<br><br>TC |

## COMPLAINT

Now come Plaintiffs ALEXIAN BROTHERS HOSPITAL NETWORK, ALEXIAN BROTHERS MEDICAL CENTER and ST. ALEXIUS MEDICAL CENTER, by and through their attorneys, and complaining of Defendant NATIONAL IMAGING ASSOCIATES, INC., state as follows:

1.  Plaintiff Alexian Brothers Health Network ("ABHN") is a not-for-profit corporation organized and existing under the laws of the State of Illinois and has its principal place of business located at 3040 W. Salt Creek Lane, Arlington Heights, Illinois. ABHN provides management oversight to three wholly-owned hospital organizations and contracts on their behalf with entities responsible for the issuance of health insurance products and/or the administration of health plans.

2.  Plaintiff Alexian Brothers Medical Center ("ABMC") is a not-for-profit corporation organized and existing under the laws of the State of Texas and has its principal place of business located at 800 Biesterfield Road, Elk Grove Village, Illinois. ABMC provides and arranges for the provision of medical and health care services for the patient population in Elk Grove Village and surrounding communities.

3. Plaintiff St. Alexius Medical Center (SAMC") is a not-for-profit corporation organized and existing under the laws of the State of Illinois and has its principal place of business located at 1555 Barrington Road, Hoffman Estates, Illinois. SAMC provides and arranges for the provision of medical and health care services for the patient population in Hoffman Estates and surrounding communities.

4. Defendant National Imaging Associates, Inc. ("NIA") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 411 Hackensack Ave, Hackensack, New Jersey.

5. Subject matter jurisdiction over this cause is proper as complete diversity of citizenship exists between Plaintiffs and Defendant and the amount in controversy is in excess of $75,000.00. Plaintiff ABHN and SAMC are citizens of the State of Illinois. Plaintiff ABMC is a citizen of the State of Texas. Defendant NIA is a citizen of the State of New Jersey.

6. Defendant NIA is a corporation doing business in Illinois and has submitted to the personal jurisdiction of this Court through the following acts: (a) the transaction of business within Illinois; and (b) the commission of the tortious acts complained of below within Illinois.

7. Venue is proper as Defendant NIA conducts business in Cook County, Illinois and surrounding counties and the effects of Defendant NIA's actions complained of occurred within the same geographic area.

8. Plaintiffs have entered into a contract with CIGNA HealthCare of Illinois, Inc. ("CIGNA"), pursuant to which Plaintiffs have agreed, subject to various conditions, to render medical services to beneficiaries of health insurance plans sponsored by and/or administered by CIGNA ("Hospital Services Agreement").

9. Pursuant to Paragraph 2.10.1 of the Hospital Services Agreement, Plaintiffs agreed that prior to rendering certain medical services, Plaintiffs would secure from CIGNA verification that the service being proposed (i) was medically necessary and (2) was a service offered by the patient's health benefit plan ("Precertification").

10. On or about November 1, 2007, CIGNA delegated to Defendant NIA CIGNA's role in the Precertification process provided for in Paragraph 2.10.1 of the Hospital Services Agreement.

11. As of November, 2007, Plaintiffs had long-standing business relationships with the physicians that comprise Plaintiffs' Medical Staff (the "Staff Physicians"), stretching back over many years.

12. The Staff Physicians regularly practiced medicine at Plaintiffs' facilities and regularly referred patients to Plaintiffs' facilities, on both an in-patient basis and out-patient basis, for medical services.

13. The patients referred to Plaintiffs' facilities by the Staff Physicians represent the vast majority of the patients treated at Plaintiffs' facilities over the course of each year and, thus, represent a substantial portion of Plaintiffs' revenue over the course of each year.

14. Plaintiffs had a reasonable expectation that the Staff Physicians would continue to engage in their usual patient referral patterns and, consequently, Plaintiffs would continue to receive a substantial portion of their revenues from said referrals.

15. On and after November 1, 2007, the Staff Physicians have attempted to continue to refer patients to Plaintiffs' facilities.

16. One category of medical services for which the Staff Physicians have attempted to continue to refer patients to Plaintiffs' facilities is radiological services.

17. When the services to be rendered by Plaintiffs to a referred patient have potentially fallen within the scope of the Hospital Services Agreement Precertification requirement, the referring Staff Physicians have contacted NIA to obtain Precertification.

18. NIA knew of the business relationship between Plaintiffs and the Staff Physicians. NIA also knew that the business relationship between Plaintiffs and the Staff Physicians included the Staff Physicians' referral of patients to Plaintiffs' facilities and also included the Staff Physicians' contacting NIA to obtain Precertification for patients referred to Plaintiffs' facilities for radiological service.

19. Rather than providing the requested Precertifications, NIA has repeatedly interfered with and continues to interfere with the relationship between Plaintiffs and the Staff Physicians by improperly refusing Precertification for referrals to Plaintiffs' facilities.

20. In improperly refusing Precertifications for referrals to Plaintiffs' facilities, NIA has made and continues to make numerous false representations to the Staff Physicians, including, but not limited to, asserting that:

   (a) referrals to Plaintiffs' facilities are prohibited because Plaintiffs are not participants within CIGNA's network of providers;

   (b) referrals to Plaintiffs' facilities are prohibited because Plaintiffs and CIGNA are engaged in a contractual dispute, and

   (c) referrals to Plaintiffs' facilities are prohibited because Plaintiffs' contractual rates are higher than rates CIGNA negotiated with other providers.

21. In addition to improperly refusing Precertifications for referrals to Plaintiffs' facilities by Plaintiffs' Staff Physicians, NIA has engaged in, and continues to engage in, a pattern and practice of delay and obfuscation, including, but not limited to, subjecting referrals to Plaintiffs' facilities to reviews to which referrals to Plaintiffs' competitors' facilities are not subject.

22. Indeed, NIA has repeatedly delayed or denied Precertification of referrals to Plaintiffs' facilities by the Staff Physicians while simultaneously approving said referrals to Plaintiffs' competitors' facilities.

23. Further, instead of confining itself to determining whether the service at issue (i) was medically necessary and (2) was a service offered by the patient's health benefit plan, NIA has improperly engaged in efforts to persuade the referring Staff Physicians to divert their referrals from Plaintiffs' facilities to Plaintiffs' competitors' facilities.

24. All of the above activities constitute intentional, tortious interference in Plaintiffs' ongoing business relationships with the Staff Physicians.

25. NIA has no legitimate business purpose for engaging in said interference.

26. As a direct result of this interference, the Staff Physicians have been forced to cancel numerous referrals for services and have been forced to refer patients to facilities other than Plaintiffs' facilities.

27. As a direct result of NIA's interference with the long-standing business relationship between Plaintiffs and the Staff Physicians, Plaintiffs have sustained, and continue to sustain, economic damages.

28. As a direct result of NIA's interference with the long-standing business relationship between Plaintiffs and the Staff Physicians, Plaintiffs have, to date, sustained monetary damages in excess of $300,000.00.

29. Plaintiffs continue to incur irreparable harm, which is not compensable by monetary damages alone, as a result of NIA's interference with the long-standing business relationship between Plaintiffs and the Staff Physicians.

WHEREFORE, Plaintiffs Alexian Brothers Health Network, Alexian Brothers Medical Center, and St. Alexius Medical Center pray for the entry of an order:

(a) Preliminarily enjoining Defendant National Imaging Associates, Inc. from failing and/or refusing to issue Precertifications for referrals to Plaintiffs' facilities for any reason other than (i) a lack of medical necessity for the service being proposed or (ii) the service being proposed is not offered under the patient's health benefit plan;

(b) Permanently enjoining Defendant National Imaging Associates, Inc. from failing and/or refusing to issue Precertifications for referrals to Plaintiffs' facilities for any reason other than (i) a lack of medical necessity for the service being proposed or (ii) the service being proposed is not offered under the patient's health benefit plan;

(c) Awarding compensatory damages in favor of Plaintiffs Alexian Brothers Health Network, Alexian Brothers Medical Center, and St. Alexius Medical Center and against Defendant National Imaging Associates, Inc. in an amount in excess of $300,000.00;

(d) Awarding punitive damages in favor of Plaintiffs Alexian Brothers Health Network, Alexian Brothers Medical Center, and St. Alexius Medical Center and against Defendant National Imaging Associates, Inc. in an amount in excess of $1,000,000.00;

(e) Awarding Plaintiffs Alexian Brothers Health Network, Alexian Brothers Medical Center, and St. Alexius Medical Center pre-judgment and post-judgment interest, as well as their fees and expenses; and

(f) Awarding Plaintiffs Alexian Brothers Health Network, Alexian Brothers Medical Center, and St. Alexius Medical Center such other and further relief as is deemed appropriate on the premises.

                    Respectfully submitted,

                    ALEXIAN BROTHERS HOSPITAL NETWORK, ALEXIAN BROTHERS MEDICAL CENTER and ST. ALEXIUS MEDICAL CENTER, Plaintiffs

                    By: /s John E. Dougherty
                            One of their Attorneys

| Daniel J. Lawler | John E. Dougherty |
|---|---|
| BELL, BOYD & LLOYD LLP | 252 North Montclair Avenue |
| 70 West Madison Street | Glen Ellyn, IL 60137 |
| Suite 3100 | jmdocs@ameritech.net |
| Chicago, IL 60602 | (630) 881-6059 |
| dlawler@bellboyd.com | |
| (312) 807-4289 | |

7